## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

TASHON SAMPSON,           )
#261273,                )
                        )   CIVIL ACTION NO. 9:14-4206-DCN-BM
         Petitioner,   )
                        )
v.                     )   **REPORT AND RECOMMENDATION**
                        )
WARDEN REYNOLDS,      )
                        )
         Respondent.   )
_____)

       Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed <u>pro se</u> on October 24, 2014.[1]

       The Respondent filed a return and motion for summary judgment on February 27, 2015. As the Petitioner is proceeding <u>pro se</u>, a <u>Roseboro</u> order was filed on March 2, 2015, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. Petitioner filed a response in opposition on April 9, 2015.

       This matter is now before the Court for disposition.[2]

_____

     [1]Filing date per <u>Houston v. Lack</u>, 487 U.S. 266, 270-276 (1988).

    [2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



**Procedural History**

         Petitioner was indicted in Williamsburg County in August 2004 for murder, armed robbery, criminal conspiracy, possession of a knife during the commission of a violent crime, and possession of a firearm during the commission of a crime of violence [Indictment No. 04-GS-45-0132]. (R.pp. 722-725). Petitioner was represented by Legrand Carraway, Esquire, of the Third Circuit Public Defender's Office, and after a jury trial on May 23-25, 2005, he was found guilty of murder, attempted armed robbery[3], possession of a weapon during the commission of a violent crime, and criminal conspiracy. (R.pp. 726-729). Petitioner was sentenced to life imprisonment on the murder charge, with concurrent terms of 20 years for attempted armed robbery and five (5) years each for the weapons and conspiracy charges. (R.pp. 730-733).

         Petitioner filed an appeal in which he was represented by Robert Dudek, Appellate Defender with the South Carolina Commission on Indigent Defense. Counsel filed an <u>Anders</u>[4] brief seeking to be relieved and raising the following issue:

> Whether the court erred by allowing the state to amend the indictment after it rested its case to change the date of the robbery-murder from February 17, 2003 to February 18, 2003 since appellant was on notice that he had to prepare a defense for February 17, 2003, and this untimely amendment on a material matter was fundamentally unfair?

(R.p. 646).

---

    [3]While Petitioner was found not guilty of armed robbery, he was found guilty of the lesser included offense of attempted armed robbery. (R.pp. 626-627).

    [4]<u>Anders v. California</u>, 386 U.S. 738 (1967). <u>Anders</u> requires that appointed counsel who seeks to withdraw because no nonfrivolous issues exist for review must submit a brief referencing anything in the record that arguably could support an appeal; a copy of that brief must be furnished to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct an independent and complete examination of the proceedings to determine if further review is merited. See <u>Anders</u>, 386 U.S. at 744.



On September 9, 2008, the South Carolina Court of Appeals relieved counsel and dismissed the direct appeal. (R.pp. 657-658). The remittitur was issued on September 25, 2008. <u>See</u> Court Docket No. 19-4.

On April 23, 2009, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court; <u>Sampson v. State of South Carolina</u>, No. 2009-CP-45-0164. (R.pp. 659-676); raising the following issues:

**Ground One**: Ineffective Assistance of Counsel.

a.  Failed to move to sever Petitioner's trial from co-defendant's.

b.  Failed to request expert funding to show that Petitioner "killed the victim in the manner portrayed by the State - SLED - would have been able to find trace of blood on gloves, knives, car headrest, clothes and on [Petitioner's] hair and body"

c.  Failed to subpoena alibi witness to show Petitioner was babysitting at the time of the crime.

d.  Failed to sequester witnesses, allowing witnesses to corroborate their testimony

e.  "Failed to object to the trial court committing a structural error in striking the juror number thirty-four (34) for cause without a[n] inquiry as to whether she could be impartial

f.  "Applicant decision whether to testify was impacted by codefendant counsel attempting to lay blame on Applicant, in that had he testified defense counsel Barr would have portrayed him as the killer and that Applicant would have testified to [an] alibi defense. This was a collateral result of trial counsel failure to move for a continuance."

g.  "Trial counsel failed to show the knives used in evidence as the murder weapon was not connected to the crime, that the police actually recovered three (3) murder weapons (alleged) and that the police necessarily would have to fabricate one of the three (3) knives and that one police claimed he seized a pair of gloves with jacket and another police officer claim applicant had gloves on when arrested. These crucial discrepancies and fabrications could have been used to impeach the entire investigation to show that police were overzealously attempting by any means to



connect Applicant to offense and to show that statements of Mack and Orange were a product of this overzealousness of police."

h.  Failed to object to the jury charge "because it did not prove the allegations set forth in the indictment."

i.  Failed to move to suppress the State's evidence.

j.  Failed to object to the indictment before the Grand Jury was sworn in.

k. Failed to object to all the prosecution evidence beings that Applicant was under the presumption theory of innocence theory.

l.  Failed to request a curative charge "to the jury dealing with the identification of who was actually identified by the Johnson brothers."

m.  " . . . failed to object and move for a motion to mistrial due to the State lack of proving its case and subject matter jurisdiction."

n.  Failed to object to inferred malice jury charge.

o.  Failed to request a manslaughter jury charge.

(R.pp. 665-668).

In addition to these claims, Petitioner added the following grounds for relief in a series of attachments

to his application:

> A.  The murder indictment does not state the time and place of the victim's death therefore the trial court lacked subject matter jurisdiction.
>
> B.  Whether Applicant properly received notice that he would be tried for a crime of murder, attempted armed robbery, possession of a deadly weapon during commission of a crime, and criminal conspiracy where indictment referenced to Feb. 17, 2003.
>
> C.  Trial court allowed the untimely amendment to reflect to the appropriate dates in the murder, att. Armed robbery, criminal conspiracy, and possession of a weapon during commission of a crime indictments.



D.  Trial court failed to charge the jury to a manslaughter charge.

E.  The Applicant's Indictment are 'sham legal process' that failed to confer subject matter jurisdiction upon trial court to convict him.

(R.pp. 670-673).

Petitioner was represented in his APCR by Charles Brooks, Esquire, and an evidentiary hearing was held on Petitioner's application on April 27, 2011.  (R.pp. 687-707).  In an order dated September 18, 2011, the PCR judge denied relief on the APCR in its entirety.  (R.pp. 708-718).

Petitioner filed a timely appeal of the PCR court's order.  Petitioner was represented on appeal by Dayne Phillips, Appellate Defender with the South Carolina Commission on Indigent Defense, who filed a <u>Johnson</u>[5] petition seeking to be relieved and raising the following issue:

Did the PCR court err in finding that trial counsel provided effective assistance of counsel where trial counsel failed to conduct a reasonable investigation in preparation for Petitioner's trial by only meeting with Petitioner twice prior to trial and not personally interviewing the State's witnesses?

<u>See</u> Court Docket No. 19-6, p. 3.

Petitioner filed multiple <u>pro se</u> submissions in response to the <u>Johnson</u> petition, in which he raised numerous issues.  <u>See</u> Court Docket No. 19-7.  On August 5, 2014, the South Carolina Court of Appeals denied Petitioner's writ of certiorari and granted counsel's petition to be relieved.  <u>See</u> Court Docket No.19-9.  The Remittitur was sent down on August 25, 2014.  <u>See</u> Court Docket No. 19-10.

In his Petition for writ of habeas corpus filed in this United States District Court, Petitioner raises the following issues:

**Ground One:** Ineffective Assistance of Counsel based on various allegations surrounding the indictment in his case.

---

[5]<u>Johnson v. State</u>, 364 S.E.2d 201 (S.C. 1998); <u>see also</u> <u>Anders</u>, 386 U.S. at 744.

5



**Ground Two:** Ineffective Assistance of Counsel.

a.  Failed to move to sever Petitioner's trial from co-defendant Wilson's.

b.  Failed to request funds for an "expert to show that had the Applicant killed the victim in the manner portrayed by the state-SLED-would have been able to find traces of blood on the gloves, knives, car headrest, clothes and on the hair and body of Petitioner.

c.  Failed to subpoena alibi witnesses to show Applicant was babysitting at the time of the crime

d.  Failed to sequester witnesses, allowing witnesses (i.e. the Johnson Brothers) to corroborate their testimony

e. Failed to object to the trial court committing a structural error in striking juror number thirty-four (34) for cause without a[n] inquiry as to whether she could be impartial.

f.  Applicant decision whether to testify was impacted by co-defendant counsel attempting to lay blame on Applicant, in that had Applicant testified defense counsel Barr would have portrayed him as the killer and that Applicant would have testified to [an] alibi defense.  This was a collateral result of trial counsel failure to move for a continuance.

g.  Trial counsel failed to show the knives used in evidence as the murder weapon was not connected to the crime, that the police actually recovered three (3) murder weapons (alleged) and that the police necessarily would have to fabricate one of the three (3) knives and that one police claimed he seized a pair of gloves with jacket and another police officer claim applicant had gloves on when arrested.  These crucial discrepancies and fabrications could have been used to impeach the entire investigation to show that police were overzealously attempting by any means to connect Petitioner to offense and to show that statements of Mack and Orange were a product of this overzealousness of police.

h.  Failed to bring up other discrepancies:
    i.  Failed to show Applicant/Petitioner was not the sole occupant of that house to possess constructively or actually the weapon found in that house.
    ii.  To bring up the deal that the prosecutor made with Raymond Mack and Travis Orange for their statement to testify that was not disclosed in the motion for discovery . . .
    iii. Failed to hire an autopist[sic] to see or show how the victim did

6



die.
iv.  Failed to consult with Applicant whether to testify in my behalf or not testify in my behalf.
v.  Failed to get a deal the same as the codefendants and receive the same plea as the codefendants.
vi. Failed to show that the codefendants were bias and prejudiced to get their plea deal to testify against Applicant.

i.  Failed to object to the jury charge because it did not prove the allegations set forth in the indictment.

j.  Failed to move to suppress the State's evidence.

k.  Failed to object to the indictment before the Grand Jury was sworn in.

l.  Failed to object to all the prosecution evidence beings that Petitioner was under the Presumption Theory.

m. Failed to request a curative charge to the jury dealing with the identification of who was actually identified by the Johnson brothers.

n.  Failed to object and move for a motion to mistrial due to the State lack of proving its case and subject matter jurisdiction.

o.  Failed to object to the erroneous murder charge of inferred malice may arise when the deed is done with a deadly weapon.

p.  Failed to ask the judge to charge jury to a manslaughter charge.

[Additional supporting argument not listed].

**Ground Three:** Deprivation of a fair trial as to indicted charges.

Supporting Facts:

1) The murder indictment does not state the time and place of the victim's death therefore the trial court lacked subject matter jurisdiction.

2) Whether Petitioner's properly received notice that he would be tried for a crime of murder, attempted armed robbery, possession of a deadly weapon during commission of a crime, and criminal conspiracy where indictment referenced to February 17, 2003.



3) Trial court allowed the untimely amendment to reflect to the appropriate dates in the murder, attempt arm robbery, criminal conspiracy and possession of a weapon during commission of a crime indictments.

4) Trial court failed to charge the jury to a manslaughter charge.

5) The Petitioner (trial court failed to charge the jury) indictment are 'sham legal process' that failed to confer subject matter jurisdiction upon trial court to convict him . . . [6]

See Petition, pp. 5-9 & Attachments.

## Discussion

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

---

[6]Petitioner's Ground Three continues for five handwritten pages, including transcript excerpts, in support of his enumerated position on this ground.



# I.

## (Ineffective Assistance of Counsel Claims)

## Procedural Bar

Petitioner raises numerous ineffective assistance of counsel claims in Grounds One and Two. However, Respondent contends that all of Petitioner's ineffective assistance of counsel issues are procedurally barred except the ineffective assistance of counsel claim with respect to trial counsel's investigation in preparation for trial, which was raised by his PCR appellate counsel in his <u>Johnson</u> brief on appeal.[7] In addition to this claim, however, the undersigned notes that Petitioner also raised a claim for ineffective assistance of counsel for failing to timely object to the indictment in his <u>pro se</u> supplement to his <u>Johnson</u> petition, an issue that was addressed by the PCR Court in its order. <u>See</u> Court Docket No. 19-7. Accordingly, those two ineffective assistance of counsel issues were raised and properly preserved as issues in his PCR appeal. In addition to these two (2) claims, the PCR court order also addressed an ineffective assistance of counsel claim for failure to present alibi witnesses and an ineffective assistance of counsel claim for failure to negotiate a plea deal on Petitioner's behalf. (R.pp. 712-718).[8] Petitioner raises the same four claims of ineffective assistance of counsel addressed by the PCR court (along with numerous other allegations) in his federal habeas petition. Therefore, since Petitioner's PCR counsel filed a <u>Johnson</u> petition, those issues addressed by the PCR court are not procedurally barred.

---

[7]Respondent also does not contest that Petitioner's direct appeal issue concerning a challenge to the amendment of Petitioner's indictment at trial is preserved since it was raised in an <u>Anders</u> brief and in Petitioner's <u>pro se</u> supplement to the <u>Johnson</u> petition in his PCR appeal. That issue is discussed separately in Section II. <u>See</u> discussion, <u>infra</u>.

[8]With regard to any other allegations, the PCR court held that any additional allegations were deemed waived because no evidence was presented. (R.p. 717).

9



> In <u>Johnson v. State</u>, 364 S.E.2d 201 (S.C.1988), the South Carolina Supreme Court adopted a procedure for appeal where appellate counsel concludes that the PCR applicant has no meritorious grounds to present. Counsel is required to file a <u>Johnson</u> petition raising any issue which is arguably appealable and requesting leave to withdraw as attorney for the petitioner on appeal. A copy of the brief is furnished to the petitioner and he is notified that he has a specific period of time to furnish further information to the Supreme Court for consideration in making a determination as to the <u>Johnson</u> petition. Further, the petitioner may file a pro se brief raising additional issues. <u>Foster v. State</u>, 379 S.E.2d 907 (S.C.1989).
>
> <u>Smart v. Reynolds</u>, No. 8:08–cv–03918, 2009 WL 480555, *15 (D . S.C.2009).
>
> In ruling on a <u>Johnson</u> petition for writ of certiorari, the South Carolina Supreme Court necessarily considers the issue or issues raised in the Johnson petition and any issues raised by the applicant in his pro se brief. Further, the South Carolina Supreme Court conducts a review of the record when a <u>Johnson</u> petition is filed. <u>King v. State</u>, 417 S.E.2d 868 (S.C. 1992). In so doing, the South Carolina Supreme Court will only consider those issues raised by the PCR application upon which evidence was presented and were ruled on by the PCR court. The South Carolina Supreme Court applies a procedural bar to issues which do not meet this criteria.
>
> <u>Ehrhardt v. Cartledge</u>, No. 3:08–2266, 2009 WL 2366095, *9 (D.S.C. 2009).

<u>Davis v. McCall</u>, No. 11-3263, 2013 WL 1282128 at * 9 n. 2 (S.C. Mar. 25, 2013).

As for the remainder of Petitioner's ineffective assistance claims, however, it is readily apparent that those claims were not preserved in Petitioner's APCR and/or ruled on by the PCR court. Accordingly, these issues were not properly preserved for review by this Court. <u>See</u> <u>White v. Burtt</u>, No. 06-906, 2007 WL 709001 at *1 & *8 (D.S.C. Mar. 5, 2007)(citing <u>Pruitt v. State</u>, 423 S.E.2d 127, 127-128 (S.C. 1992)[issue must be raised to and ruled on by the PCR judge in order to be preserved for review]); <u>cf. Cudd v. Ozmint</u>, No. 08-2421, 2009 WL 3157305 at * 3 (D.S.C. Sept. 25,



2009)[Finding that where Petitioner attempted to raise an issue in his PCR appeal, the issue was procedurally barred where the PCR court had not ruled on the issue and Petitioner's motion to alter or amend did not include any request for a ruling in regard to the issue]; State v. Dunbar, 587 S.E.2d at 693-694 ["In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial judge. Issues not raised and ruled upon in the trial court will not be considered on appeal."].

        Since Petitioner did not properly pursue these other claims in his state court proceedings, they are barred from further state collateral review; Whiteley v. Warden, Wyo. State Penitentiary, 401 U.S. 560, 562 n. 3 (1971); Wicker v. State, 425 S.E.2d 25 (S.C. 1992); Ingram v. State of S.C., No. 97-7557, 1998 WL 726757 at **1 (4th Cir. Oct. 16, 1998); Josey v. Rushton, No. 00-547, 2001 WL 34085199 at * 2 (D.S.C. March 15, 2001); Aice v. State, 409 S.E.2d 392, 393 (S.C. 1991)[post-conviction relief]; and as there are no current state remedies for Petitioner to pursue these issues, they are fully exhausted. Coleman v. Thompson, 501 U.S. 722, 735, n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-298 (1989); George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996) ["A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture."], cert. denied, 117 S.Ct. 854 (1997); Aice, 409 S.E.2d at 393; Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) ["To satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim[s] to the state's highest court . . . the exhaustion requirement for claims not fairly presented to the state's highest court is technically met when exhaustion is unconditionally waived by the state...or when a state procedural rule would bar consideration if the claim[s] [were] later presented to the state court."], cert. denied, 522 U.S. 833 (1997); Ingram, 1998



WL 726757 at **1.

However, even though otherwise exhausted, because these issues were not *properly* pursued and exhausted by the Petitioner in the state court, federal habeas review of these claims is now precluded absent a showing of cause and prejudice, or actual innocence. Martinez v. Ryan, 565 U.S. ___, ___, 132 S.Ct. 1309, 1316 (2012); Wainwright v. Sykes, 433 U.S. 72 (1977); Waye v. Murray, 884 F.2d 765, 766 (4th Cir. 1989), cert. denied, 492 U.S. 936 (1989).

> In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman, 501 U.S. at 750.

In this case, Petitioner has not presented any argument for cause in his response in opposition to summary judgment. Rather, in his memorandum in opposition to summary judgment, Petitioner focuses solely on his claims surrounding his allegations regarding the indictment and ineffective assistance of counsel related to the indictment, and does not discuss any potential cause for his procedurally defaulted claims. Therefore, Petitioner has failed to show cause for his procedural default on these issues. Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir. 1990), cert. denied, 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."].

Nor does the undersigned find that Petitioner has met his burden of showing actual innocence, or that a fundamental miscarriage of justice will occur if these claims are not considered. Cognizable claims of "actual innocence" are extremely rare and must be based on "factual innocence

12



not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998); see also Doe v. Menefee, 391 F.3d 147 (2d Cir. 2004). Petitioner has failed to present any new, reliable evidence of any type that was not presented in any of his prior court proceedings which supports his innocence on the criminal charges on which he was found guilty. See Schlup v. Delo, 513 U.S. 298, 324 (1995)[to present a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial."]; Doe, 391 F.3d at 161 (quoting Schlup for the evidentiary standard required for a court to consider an actual innocence claim). Further, Petitioner has also failed to make any showing that a fundamental miscarriage of justice will occur if any of his defaulted claims are not considered. Wainwright v. Sykes, supra; Murray v. Carrier, 477 U.S. 478 (1986); Rodriguez, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing Murray v. Carrier, 477 U.S. at 496); Sawyer v. Whitley, 505 U.S. 333, 348 (1992); Bolender v. Singletary, 898 F.Supp. 876, 881 (S.D.Fla. 1995).

Therefore, all of Petitioner 's ineffective assistance of counsel claims, except for the four addressed by the PCR court, are procedurally barred from consideration by this Court, and must be dismissed.

### Remaining Ineffective Assistance Claims

As previously discussed, the PCR court order addressed Petitioner's claims of ineffective assistance of counsel due to failure to object to erroneous information contained in the indictment, failure to present alibi witnesses, failure to negotiate a plea deal on Petitioner's behalf,

13



and failure to investigate. (R.pp. 712-718). Petitioner had the burden of proving the allegations in

his PCR petition, as well as on appeal to the South Carolina Court of Appeals. Butler v. State, 334

S.E.2d 813, 814 (S.C. 1985), cert. denied, 474 U.S. 1094 (1986); see also R.pp. 708-718. The PCR

court rejected these and other claims, making relevant findings of fact and conclusions of law in

accordance with S.C.Code Ann. § 17-27-80 (1976), as amended. See Sampson v. State of South

Carolina, No. 09-CP-45-0164.

        Specifically, the PCR judge found that: 1) Petitioner was indicted in August 23, 2004,

term of the Williamsburg County Grand Jury for murder, armed robbery, criminal conspiracy and

possession of a weapon during the commission of a violent crime; 2) in the original indictment, the

date of the indictment was stated as February 17, 2003; however, at the close of the State's case at

trial, it moved to amend the indictment to correct the date of the crimes as stated in the indictment

to reflect their occurrence on February 18, 2003; 3) counsel contemporaneously objected to the Court

allowing such an amendment, but was overruled and the indictment was corrected; 4) therefore,

Petitioner's contention that counsel was ineffective for failing to object to the errors in the indictment

was without merit; 5) further, Petitioner did not prove that he was prejudiced by any alleged

deficiency in this regard, as the issue of improper amendment of the indictment was raised on direct

appeal and subsequently dismissed by the Court of Appeals; 6) therefore, any alleged deficiency in

this regard by counsel did not result in prejudice to Petitioner's trial as required under Strickland v.

Washington; 7) Petitioner's second contention was that counsel was ineffective for failing to present

the testimony of Beverly Singletary ("Singletary") at trial where Singletary would have testified as

an alibi witness on Petitioner's behalf; 8) Petitioner contended that he was watching Singletary's

child and therefore not present at the time these crimes occurred and, had counsel called Singletary



as a witness at trial, Petitioner would have been able to prove such; 9) counsel testified that he did in fact interview a lady in preparation for trial that Petitioner had mentioned using as an alibi witness, however, that witness was unable to provide an alibi for the times and dates in question; 10) counsel went on to say he did not have any specific notes in his file regarding the specifics of his conversation with that potential witness, but had any such witness provided an alibi for Petitioner, he would have called them to testify at trial; 11) counsel's testimony was credible; 12) counsel properly investigated Petitioner's alleged alibi witness and, after speaking with her, determined she could not provide the information necessary to be presented as an alibi witness at trial; 13) therefore, counsel was not ineffective in this regard; 14) further, Petitioner failed to carry his burden in proving prejudice based on this alleged deficiency; 15) prejudice from trial counsel's failure to interview or call witnesses cannot be shown where the witnesses do not testify at post conviction relief; 16) Petitioner's mere speculation as to what a witness' testimony would have been cannot, by itself, satisfy his burden of showing prejudice; 17) Petitioner must produce the testimony of a favorable witness or otherwise offer the testimony in accordance with the rules of evidence at the PCR hearing in order to establish prejudice from the witness' failure to testify at trial; 18) Petitioner failed to present any testimony from Singletary at the PCR hearing and for that reason, he failed to establish prejudice as required; 19) Petitioner next contended that counsel was ineffective because he never tried to elicit an advantageous plea offer from the State; 20) Petitioner went on to state that counsel was set on going to trial, even mentioning that at the preliminary hearing; 21) on cross-examination, Petitioner conceded that even had he been offered an advantageous plea offer before trial, he likely would not have accepted it as he maintained his innocence to the charges and therefore refused to enter a plea that would acknowledge guilt; 22)  counsel testified that the State never made any plea offers to

15



Petitioner during his representation, as the State could have considered pursuing the death penalty on these charges; 23) based on Petitioner's own admission at the PCR hearing, any alleged deficiency in counsel failing to pursue plea negotiations with the State did not result in any prejudice to Petitioner as he conceded that he would not have accepted any such plea offers anyway; 24) therefore, this allegation was without merit and must be dismissed; 25) Petitioner also contended his counsel was ineffective for failing to properly investigate his case in preparation for trial; 26) Petitioner alleged counsel met with him only two (2) times during his nearly two and a half years of representation prior to trial; 27) Petitioner went on to say that counsel's failure to hire a private investigator on his case, where PCR counsel had hired an investigator, rendered counsel ineffective in his preparations as well; 28) counsel testified that he felt he properly and adequately investigated Petitioner's case for trial, and that he did not believe a private investigator could have done anything more to help in counsel's preparation for trial; 29) Petitioner failed to carry his burden in proving that counsel was ineffective based on a failure to further investigate his case; 30) counsel testified that he did adequate investigation into the charges and facts surrounding the case to present a strong case at trial; and the PCR Court found this testimony to be credible; 31) further, Petitioner failed to show what, if any, beneficial outcome would have resulted had counsel undertaken more investigation or hired a private investigator; 32) therefore, Petitioner failed to carry his burden in this regard; 33) Petitioner failed to prove his counsel's performance fell below the objective standard of reasonableness of professional norms under Strickland; 34) counsel throughly investigated the case, interviewed, and investigated potential witnesses, met with Petitioner several times to discuss the charges Petitioner was facing, and reviewed all relevant discovery and potential defenses to be used at trial; 35) additionally, counsel presented a logical and strong trial strategy that was discussed and

16



prepared with Petitioner prior to trial; 36) Petitioner failed to show that there is a reasonable probability that the result at trial would have been different had trial counsel done what the Petitioner alleges he should or should not have done; 37) no other allegations were raised at the PCR hearing; and 38) therefore, any additional allegations were deemed waived because no evidence was presented. (R.pp. 713-717).

Substantial deference is to be given to the state court's findings of fact. Evans v. Smith, 220 F.3d 306, 311-312 (4th Cir. 2000), cert. denied, 532 U.S. 925 (2001) ["We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], cert. denied, 532 U.S. 925 (2001); Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000)(en banc), cert. denied, 112 S.Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). See also Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001); Frye v. Lee, 235 F.3d 897, 900 (4th Cir. 2000), cert. denied, 533 U.S. 960 (2001).

However, although the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion. Strickland, 466 U.S. at 698; Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993), cert. denied, 114 S.Ct. 487 (1993) (citing Clozza v. Murray, 913 F.2d 1092, 1100 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991)).  Nevertheless, with regard to Petitioner's ineffective assistance of counsel claims which were adjudicated on the merits by the South Carolina state court(s), this Court's review



is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in <u>Williams v. Taylor</u>, 120 S.Ct. 1495 (2000). <u>See</u> <u>Bell v. Jarvis</u>, <u>supra</u>; <u>see</u> <u>also</u> <u>Evans</u>, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"]. Therefore, this Court must be mindful of this deferential standard of review in considering Petitioner's ineffective assistance of counsel claims.

Where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." <u>Strickland</u>, 466 U.S. at 694. In <u>Strickland</u>, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective. First, the Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial. In order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. <u>Mazzell v. Evatt</u>, 88 F.3d 263, 269 (4th Cir. 1996).

For the reasons set forth and discussed hereinbelow, Petitioner has failed to meet his burden of showing that his counsel was ineffective under this standard. <u>Smith</u>, 528 F.2d at 809



[Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus].

## A.

**(Failure to object to erroneous information contained in the indictment)**

Petitioner contends that his trial counsel was ineffective for failing to object to the indictment, which had incorrect information regarding the time and place of the alleged assault and death from which the charges stemmed.

Petitioner was indicted during the August 23, 2004 Williamsburg County Grand Jury term. In the original indictment, the date of the incident was stated as on or about February 17, 2003 [Indictment No. 04-GS-45-0132]. (R.pp. 722-725). However, at the close of the State's case at trial, the State moved to amend the indictment to correct the date of the crimes as stated in the indictment to reflect their occurrence on February 18, 2003. (R.pp. 484-485). Counsel contemporaneously objected to the Court allowing such an amendment, but counsel's objection was overruled and the indictment was corrected. (R.pp. 485-487). In overruling trial counsel's objection, the trial judge found that each indictment said on or about February 17, 2003, and that February 18, 2003, was on or about February 17, 2003. (R.p. 487).

Petitioner raised this issue in his PCR proceeding and the PCR court found that counsel made the contemporaneous objection so Petitioner's allegation was without merit. (R.p. 713). The PCR court also found that since the underlying issue regarding the improper amendment was raised on direct appeal and found to be without merit, that Petitioner had also not shown any prejudice. (R.p. 713).[9] The undersigned agrees. There is no basis in the record or the applicable

---

[9]Petitioner also argued in his pro se filings in response to the Johnson petition that his counsel was ineffective for failing to object to the indictment *prior* to trial. However, Petitioner has failed
(continued...)



caselaw to overturn the findings of the state court with regard to counsel failing to object prior to trial to the indictment, or with regard to his contemporaneous objection at trial when the State moved to amend the indictment.  Evans, 220 F.3d at 312.   To the contrary, other than his own unsupported speculation, Petitioner has offered no evidence to show how he was prejudiced from the indictment being amended after the jury was drawn.  See generally Zettlemoyer v. Fulcomer, 923 F.2d 284, 298 (3d Cir. 1991)[Petitioner cannot show deficiency "based on vague and conclusory allegations that some unspecified and speculative testimony might have established his defense", rather, facts must be presented].

Accordingly, Petitioner has failed to present evidence sufficient to show that the state court's rejection of this claim was unreasonable. Evans, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; Bell v. Jarvis, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence].  This claim is without merit and should be dismissed.

## B.

### (Ineffective assistance of counsel due to failure to present alibi witnesses)

Petitioner contends that his counsel was ineffective for failing to have Beverly

---

[9](...continued)
to show any prejudice from counsel not objecting to the indictment prior to trial, as even assuming arguendo that Petitioner's trial counsel had objected and the indictment had been amended prior to trial, Petitioner has not provided any evidence to show that he could have presented any further defense to the charges, or to establish the possibility of a different outcome if that had occurred.

20



Singleton testify at his trial. (R.p. 692). Initially, Petitioner testified that he told his counsel that he was at her house on February 18th. However, Petitioner then corrected himself and testified that he actually never got a chance to tell his counsel that information, because his counsel never talked to him about it and only saw him twice before his trial. (R.p. 693). Rather, Petitioner testified that his counsel learned about Singleton from reading the initial statement that Petitioner had given the police. (R.p. 694). For his part, trial counsel testified that Petitioner had claimed that he was looking after Singleton's child on that day and had an alibi, and that if Singleton had been able to provide an alibi for the Petitioner that he would have called her as a witness at trial. However, when counsel talked to Singleton, she did not provide an alibi for Petitioner and said that he was not there on that day. (R.pp. 700-701).

       Critically, Petitioner did not produce Singleton as a witness in either his PCR proceedings or as part of this federal habeas petition, so there has been no establishment of what her testimony would have been. Therefore, Petitioner has failed to establish the prejudice necessary to succeed on this claim. Bassette v. Thompson, 915 F.2d 932, 940- 941 (4th Cir.1990); cf. Bannister v. State, 509 S.E.2d 807, 809 (S.C.1998) ["This Court has repeatedly held a PCR applicant *must* produce the testimony of a favorable witness *or otherwise offer the testimony in accordance with the rules of evidence* at the PCR hearing in order to establish prejudice from the witness' failure to testify at trial."]; Underwood v. State, 425 S.E.2d 20, 22 (S.C. 1992)[prejudice from trial counsel's failure to interview or call witnesses cannot be shown where the witnesses do not testify at post-conviction relief]; Glover v. State, 458 S.E.2d 539, 540 (S.C.1995)["[B]ecause the other witnesses respondent claimed could have provided an alibi defense did not testify at the PCR hearing, respondent could not establish any prejudice from counsel's failure to contact these witnesses."]; Clark v. State, 434 S.E.2d



266, 267–268 (S.C.1993) [pure conjecture as to what a witness' testimony would have been is not sufficient to show a reasonable probability the result at trial would have been different]. Even if Petitioner contends that this testimony was not presented at his PCR hearing because of his PCR counsel's ineffectiveness, he has still failed to offer any such evidence or testimony now as part of this federal petition. Accordingly, Petitioner has failed to show deficient performance or prejudice on counsel's part for failure to call Singleton as a witness. Smith, 528 F.2d at 809 [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus]; see generally Bassette, 915 F.2d at 940-941 [Petitioner's allegation that attorney did ineffective investigation does not support relief absent proffer of the supposed witness's favorable testimony].

Furthermore, as noted, counsel testified that he did talk to Singleton and she did not provide an alibi for Petitioner, and the PCR court found this testimony credible. Petitioner has failed to present evidence sufficient to show that the state court's rejection of this claim was unreasonable. Evans, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; Bell v. Jarvis, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence].

The undersigned can find no basis in the record or the applicable caselaw to overturn the findings of the state court with regard to the counsel failing to present an alibi witness at his trial. Therefore, this claim is without merit and should be dismissed.



## C.

### (Failure to negotiate a plea deal on Petitioner's behalf)

At the PCR hearing, Petitioner testified that his counsel was ineffective for failing to try to get him the same plea as Petitioner's co-defendant received. (R.p. 696). Notwithstanding that contention, however, he also maintained his innocence at the PCR hearing, testifying that he was not even with his co-defendants at the time of the crime. (R.p. 696). Even so, on cross examination, when asked if he would have wanted to plead guilty, Petitioner testified that it was a possibility. (R.p. 697).[10] However, because of the numerous times that the victim was stabbed, trial counsel testified that the State had strongly considered the death penalty and that there was never a plea offer made. (R.p. 704). In addition, Petitioner's trial counsel testified that, all along, Petitioner consistently argued that he was not even present. (R.p. 704).

Based upon Petitioner's maintenance of his innocence, the State's strong consideration of pursuing even a more harsh penalty (the death penalty), and the fact that no plea offer was ever made, Petitioner has not shown any prejudice with regard to the allegation that his counsel was ineffective for failing to negotiate a plea offer. Evans, 220 F.3d at 312. Petitioner has also failed to show that, even if his counsel had made any further requests, an offer would have been made and that he would have accepted that offer. To the contrary, the evidence shows that the State was strongly considering pursuing the death penalty in his case, did not ever make any type of plea offer, and that Petitioner maintained throughout that he was not even present. Accordingly, Petitioner has failed to

---

[10]As part of his findings, the PCR judge made a finding that Petitioner testified that even if he had been offered an advantageous plea deal, he likely would not have accepted it since he maintained his innocence. (R.p. 715). However, as noted above, Petitioner did state that a plea may have been a "possibility", depending on what the deal was.



present evidence sufficient to show that the state court's rejection of this claim was unreasonable. Evans, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; Bell v. Jarvis, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence].

This claim is without merit and should be dismissed.

### D.

### (Failure to Investigate)

Petitioner testified that his counsel never hired an investigator; (R.pp. 694-695); and contends that his counsel was ineffective for failing to conduct a proper investigation. However, counsel testified that he did not believe that an investigator could have helped with the case. (R.p. 702). Counsel noted that Petitioner's co-defendants testified against him at trial (R.pp. 702-703), and that he was aware of what the co-defendants were going to testify to before they testified, because the State allowed him to be present in the room while they questioned the co-defendants about their expected testimony. (R.p. 705). As for counsel's alleged failure to investigate an alibi witness, trial counsel testified that he did talk to this witness and she did not provide an alibi for Petitioner. See discussion, supra.

The PCR court found that trial counsel was not ineffective, that his testimony was credible, and that although Petitioner testified at the PCR hearing that his counsel should have further investigated matters, he offered no evidence to show how any further investigation or the retaining

24



of a private investigator would have benefitted him other than mere speculation, which is not sufficient to show ineffective assistance of counsel for failure to investigate. (R.p. 716). See generally Bassette, 915 F.2d at 940-941 [Petitioner's allegation that attorney did ineffective investigation does not support relief absent proffer of the supposed witness's favorable testimony]; Zettlemoyer, 923 F.2d at 298 [Petitioner cannot show deficiency "based on vague and conclusory allegations that some unspecified and speculative testimony might have established his defense", rather, facts must be presented]; Kibler v. State, 227 S.E.2d 199, 202 (S.C. 1976)[the Court will not speculate concerning what might have occurred if counsel had conducted further investigation].

 Accordingly, Petitioner has failed to present evidence sufficient to show that the state court's rejection of this claim was unreasonable. Evans, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; Bell v. Jarvis, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence]. This claim is without merit and should be dismissed.

## II.

 In Ground Three of his Petition, Petitioner contends that he was deprived of a fair trial due to the defective indictment. Petitioner alleges that the trial court lacked subject matter jurisdiction because the indictment did not state the time and place of the victim's death, and that the trial court also failed to charge the jury regarding the indictment failing to confer subject matter jurisdiction. Petitioner further contends the defective indictment did not provide him notice and that

25



the trial court erred in allowing an untimely amendment to reflect the appropriate dates.  Finally, Petitioner asserts that he was also deprived of a fair trail due to the trial court's failure to charge the jury with a manslaughter charge.

## Defective Indictment

With respect to Petitioner's argument that the trial court lacked subject matter jurisdiction due to the allegedly defective indictment, it is not for this Court to determine such issues of state law.  Thompson v. Perry, No 06-3429, 2007 WL 2579570 at *4 (D.S.C. Sept. 4, 2007)["[I]t is up to South Carolina courts to resolve issues as to whether or not subject matter jurisdiction exists."]; Dew v. Pancake, No. 07-37, 2007 WL 4302429 at *4 (W.D.Ky. Dec. 7, 2007)["This court does not review determinations of state law [regarding a subject matter jurisdiction challenge] made by South Carolina courts"].  In any event, the South Carolina Supreme Court noted in Winns v. State,

> that our decision in this case is consistent with the recently published opinion of State v. Gentry, Op. No. 25949 (S.C. Sup.Ct. filed March 7, 2005), which explains that indictments are notice documents, not documents required to confer subject matter jurisdiction.  See S.C. Const. art. V, Section 11 (providing that circuit courts are 'general trial court[s] with original jurisdiction in civil and criminal cases, except those cases in which exclusive jurisdiction shall be given to inferior courts, and shall have such appellate jurisdiction as provided by law').

611 S.E.2d 901, 904 n. 2 (S.C. 2005).

In Gentry, the South Carolina Supreme Court overruled prior cases "to the extent that they combine the concept of the sufficiency of an indictment and the concept of subject matter jurisdiction." Gentry, 610 S.E.2d 494, 500-501 (S.C. 2005).

Therefore, under current South Carolina law, Petitioner's allegation with respect to a purported defect in his indictment is not even a subject matter jurisdiction claim. See Madden v. Warden, No. 07-1109, 2008 WL 351010, *5 (D.S.C. Feb. 7, 2008) [Discussing retroactivity of

26



Gentry]; <u>State v. Means</u>, 626 S.E.2d 348, 352 (S.C. 2006)[same]; <u>see also</u> <u>Mazyck v. Knowlin</u>, No. 09-1222, 2009 WL 2447981 at * 1 (D.S.C. Aug. 7, 2009)["South Carolina Supreme Court has ruled that alleged deficiencies and irregularities in an indictment are not matters of subject matter jurisdiction."]; <u>Evans v. State</u>, 611 S.E.2d 510, 516-520 (S.C. 2005)[subject matter jurisdiction is the power of a court to hear and determine cases whereas the indictment is a notice document and issues relating to the indictment generally are not issues of subject matter jurisdiction]. Furthermore, since there was no lack of subject matter jurisdiction on this basis, Petitioner's claim regarding the trial court's error in failing to charge the jury on this issue is also without merit.

As for Petitioner's claim that the indictment was defective for having the incorrect date of the offense, the "sufficiency of an indictment or information is [also] primarily a question of state law". <u>Tapia v. Tansy</u>, 926 F.2d 1554, 1560 (10th Cir. 1991)](quoting <u>Franklin v. White</u>, 803 F.3d 416, 418 (8th Cir. 1986))(quoting <u>Goodloe v. Parratt</u>, 605 F.2d 1041, 1045 n. 12 (8th Cir. 1979), <u>cert</u>. <u>denied</u>, 481 U.S. 1020 (1987)), <u>cert</u>. <u>denied</u>, 502 U.S. 835 (1991). Deficiencies in state court indictments "are not ordinarily a basis of federal habeas corpus relief unless the deficiency makes the trial so egregiously unfair as to amount to a deprivation of the defendant's right to due process." <u>Ashford v. Edwards</u>, 780 F.2d 405, 407 (4th Cir. 1985). See also <u>Johnson v. Puckett</u>, 930 F.2d 445, 447 (5th Cir. 1991), <u>cert</u>. <u>denied</u>, 502 U.S. 890 (1991) ["In a federal court, habeas corpus can be invoked with respect to indictments only where they are 'so fatally defective' that under no circumstances could a valid conviction result from facts provable under the indictment."]; <u>Morlett v. Lynaugh</u>, 851 F.2d 1521, 1523 (5th Cir. 1988)["[T]he sufficiency of a state indictment is not a matter for federal habeas corpus relief unless it can be shown that the indictment is so defective that the convicting court had no jurisdiction."](quoting <u>Alexander v. McCotter</u>, 775 F.2d 595, 598 (5th

27



Cir. 1985)(other citation omitted)), cert. denied, 489 U.S. 1086 (1989). There is no evidence of any such deficiency in this case.

The indictment charged Petitioner committed the offense charged on or about February 17, 2003. The correct date of the incident was February 18, 2003, which is on or about February 17, 2003, and the indictment was also amended at the close of the State's case to correctly reflect that February 18, 2003, was the date of the incidents. Further, the arrest warrants reflected the correct date of February 18, 2003. (R.pp. 719-721). There is no basis in the record before this Court on which to find a federal due process violation. State v. Owens, 359 S.E.2d 275, 277 (S.C. 1987) [Indictment is sufficient "if the offense is stated with sufficient certainty and particularity to enable the court to know what judgment to pronounce, the defendant to know what he is called upon to answer, and if an acquittal or conviction thereon may be pleaded as a bar to any subsequent prosecution"]; Johnson, 930 F.2d at 447, cert. denied, 502 U.S. at 890 ["In a federal court, habeas corpus can be invoked with respect to indictments only where they are 'so fatally defective' that under no circumstances could a valid conviction result from facts provable under the indictment."].

Therefore, Petitioner is not entitled to federal habeas relief on this ground. Estelle v. McGuire, 502 U.S. 62, 67 (1991)[It is not the province of a federal habeas court to re-examine state court determinations of state law questions.]; Thompson, 2007 WL 2579570 at *4 ["[I]t is up to South Carolina courts to resolve issues as to whether or not subject matter jurisdiction exists."]; Dew, 2007 WL 4302429 at *4 ["This court does not review determinations of state law [regarding a subject matter jurisdiction challenge] made by South Carolina courts"]; Shepler v. Evans, No. 99-7021, 1999 WL 542885 at **2 (10th Cir. 1999), cert. denied, 528 U.S. 1077 (2000).

28



### Improper Jury Charge

In his remaining assertion in Ground Three, Petitioner contends that the trial court erred in failing to charge manslaughter to the jury. This issue is exhausted pursuant to the <u>Anders</u> review of Petitioner's conviction on appeal. <u>State v. Williams</u>, 406 S.E.2d 357 (S.C. 1991). The South Carolina Court of Appeals found no issue of merit and denied relief.

The trial court is required to charge a jury on a lesser-included offense if there is evidence from which it could be inferred that the defendant committed the lesser, rather than the greater, offense. <u>State v. Sams</u>, 764 S.E.2d 511, 513 (S.C. 2014); <u>State v. Drafts</u>, 340 S.E.2d 784 (1986); <u>see</u> <u>also</u> <u>Dempsey v. State</u>, 610 S.E.2d 812 (S.C.2005); <u>State v. Gourdine</u>, 472 S.E.2d 241 (S.C. 1996). In South Carolina voluntary manslaughter is defined as the intentional and unlawful killing of a human being in sudden heat of passion upon sufficient legal provocation. <u>State v. Niles</u>, No. 27510, 2015 WL 3634237 at * 3 (D.S.C. June 10, 2015). Involuntary manslaughter is defined in South Carolina as the unintentional killing of another without malice while engaged in either (1) the commission of some unlawful act not amounting to a felony and not naturally tending to cause death or great bodily harm, or (2) the doing of a lawful act with a reckless disregard for the safety of others. <u>Sams</u>, 764 S.E.2d at 513 (citing <u>State v. Tucker</u>, 478 S.E.2d 260 (S.C. 1996); <u>see</u> <u>also</u> S.C.Code Ann. § 16–60 (2003)[stating a person charged with involuntary manslaughter may be convicted only upon a showing of criminal negligence, "defined as the reckless disregard of the safety of others."]). When counsel requested the manslaughter charge at trial, the trial court denied the request, stating that "these individuals either did or did not [commit murder]. It's not a manslaughter." (R.p. 508). The undersigned can find no federal violation in this record.

First, this is an issue of state law, and "[i]t is not the province of a federal habeas court



to re-examine state-court determinations on state-law questions." Estelle, 502 U.S. at 67-68 ["federal habeas corpus relief does not lie for errors of state law"].   Federal courts must afford the State deference in its determination regarding evidence and procedure.   Crane v. Kentucky, 476 U.S. 683, 690 (1986)["We have never questioned the power of the States to exclude evidence through the application of evidentiary rules that themselves serve the interests of fairness and reliability, even if the defendant would prefer to see that evidence admitted"].   It is also well-established that "a state court's misapplication of its own law [even assuming that occurred in this case] does not generally raise a constitutional claim.   The federal courts have no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." Smith v. Horn, 120 F.3d 400, 414 (3d Cir. 1997)(citations omitted), cert. denied, 522 U.S. 1109 (1998).

There is no evidence of a "wrong[ ] of constitutional dimension" in this case.   The evidence presented at trial showed that three individuals (including the Petitioner) planned and attempted an armed robbery at a rural convenience store located in Williamsburg County between Hemingway and Johnsonville.   These individuals entered the store, owned and operated by an elderly lady, with a gun and at least one knife for the purpose of a robbery.   During the robbery's commission, the victim was stabbed from behind a total of twelve times, twice through her voice box and throat.   Petitioner's co-defendants testified that Petitioner was the one who stabbed the lady. Further, two brothers who were exiting the store saw the three men outside of the store and an individual in the car waiting for them.   One of the brothers also witnessed the attack of the victim. (R.pp. 79- 130, 215-218, 361-369, 371-372, 439-443).

The Petitioner has pointed to no evidence in the record which would show that the state court's failure to give a manslaughter charge made his trial fundamentally unfair and violated



his constitutional rights, or to show that the state court's rejection of this claim was unreasonable. Evans, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was contrary to clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; Williams v. Taylor, supra; 28 U.S.C. § 2254(e)(1) [Determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence].

Therefore, this claim is without merit and should be dismissed.

## Conclusion

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

June 19, 2015
Charleston, South Carolina

31



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29401

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

